UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLA JENKINS, <br>     Plaintiff, <br> v. <br> FROG HOLLOW FARM, LLC, <br>     Defendant. | Case No. 18-cv-02741-JSC <br><br> **ORDER RE DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND REQUEST FOR SANCTIONS** <br><br> Re: Dkt. No. 35 |

Plaintiff Danella Jenkins alleges Defendant Frog Hollow Farm, LLC violated Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act when it denied her sick pay and subsequently retaliated against her because of her race.[1] (Dkt. No. 1.) Defendant's motion for leave to file an amended answer and for sanctions is now pending before the Court. (Dkt. No. 35.) After careful consideration of the parties' briefing and having the benefit of oral argument on the August 1, 2019, the Court GRANTS Defendant's motion for leave to amend its Answer and GRANTS IN PART its motion for sanctions.

**BACKGROUND**

Plaintiff is an African American woman who was a non-exempt employee of Defendant for approximately ten months from July 2016-April 2017. (Dkt. No. 1 at ¶¶ 5, 9.[2]) Plaintiff became sick on January 24, 2017 and worked four hours that day, and then took two days off

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9 & 18-14.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

because of her illness. (*Id.* at ¶ 10.) Plaintiff asked Defendant's bookkeeper for sick pay when she returned to work and was told that she would receive the money with her next paycheck, but did not. (*Id.*) Defendant's human resources director later told Plaintiff that her sick leave was never approved. (*Id.* at 11.) After Plaintiff's inquiries about her sick pay, she was segregated from other employees and received numerous criticisms about her job performance, even though she had never been criticized before. (*Id.* at ¶¶ 12-13.) Plaintiff was the only African American employee and believes Defendant's employees' actions were motivated by racial bias. (*Id.*) On March 31, 2017, Plaintiff informed Defendant she felt discriminated and retaliated against by her supervisor and was considering resigning. (*Id.* at ¶ 14.) While one of Defendant's co-owners initially told Plaintiff to take time off for stress and that Defendant would investigate, Plaintiff later learned, on April 7, 2017, that Defendant was treating her March 31 complaint as a "verbal resignation." (*Id.*) Plaintiff believes she was terminated for complaining about discrimination and retaliation from her supervisor. (*Id.*)

A little over a year later, Plaintiff filed this action alleging employment discrimination. (*Id*.) Defendant did not timely respond and Plaintiff made a motion for entry of default, and later moved for default judgment on January 24, 2019. (Dkt. Nos. 10, 15.) The Court thereafter issued an order requiring Plaintiff to file proof of service of the motion for default judgment on Defendant. (Dkt. No. 16.) Less than three weeks after Plaintiff filed the proof of service, Defendant filed a motion to set aside default and for sanctions, contending that Defendant was not properly served with the Complaint and that Plaintiff had ignored Defendant's attempts to communicate regarding the issue. (Dkt. No. 18 at 6-8.) The Court granted the motion to set aside default and issued an order to show cause as to why Plaintiff should not be sanctioned given the conduct described in Defendant's motion. (Dkt. No. 23.) The Court later discharged the Order to Show Cause at the parties' request but noted that "Plaintiff's counsel is reminded of her responsibility as an officer of the Court to promptly and accurately advise the Court of any facts material to matters pending before the Court and to communicate in good faith with opposing counsel. (Dkt. No. 25.) Defendant filed its answer on May 2, 2019.

1  A few weeks later, on May 23, 2019, Defendant wrote to Plaintiff regarding Plaintiff's PAGA claim, but did not receive a response. (Dkt. No. 35, Riddle Decl. at ¶ 4, Ex. B.) Two weeks later, Defendant received Plaintiff's General Order No. 71 disclosures. (*Id.*, Riddle Decl. at ¶ 5.) Following receipt of the disclosures, Defendant wrote to Plaintiff asking that Plaintiff dismiss some of her causes of action or, in the alternative, to stipulate to Defendant amending its answer. (*Id.*, Riddle Decl. at ¶ 6, Ex. C.) Six days later, on June 17, 2019, Defendant's counsel wrote to Plaintiff again, notifying Plaintiff that if he did not hear from Plaintiff by the end of the week then Defendant would file a motion to amend and for sanctions. (*Id.*, Riddle Decl. at ¶ 7, Ex. D.) All of Defendant's letters were sent by email. (*See id.*, Riddle Decl., Exs. B, C, & D.)

Two days later, Plaintiff responded notifying Defendant that Plaintiff's counsel "does not accept service of documents by facsimile or email" "other than documents required to be served electronically by the court." (*Id.*, Riddle Decl., Ex. E.) Plaintiff also informed Defendant of her stance on Defendant's analysis of the relevant claims, and refused to dismiss her causes of action or stipulate to an amendment of Defendant's Answer. (*Id.*) Defendant responded the following day requesting that Plaintiff reconsider her position and again advising that it would file a motion to amend and for sanctions if she did not. (*Id.*, Riddle Decl. at ¶ 9, Ex. F.) Plaintiff did not respond to this last letter and a week later Defendant filed the underlying motion. (*Id.*)

## DISCUSSION

### I. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should

be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)

Defendant seeks leave to amend its Answer to add "180 [or]" days to Affirmative Defense 17 and add two new affirmative defenses, "Failure to Exhaust Administrative Remedies" and "Failure to Afford Notice to LWDA," based on Plaintiff's recent disclosures.[3] (*See* Dkt. No. 35, Riddle Decl. at ¶3, Ex. A (Aff. Def. Nos. 17, 44, 45).) The amendment of Affirmative Defense 17 addresses the possibility Plaintiff's claims are barred under 42 U.S.C. § 2000e-5(e) because she may not have filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the required time period. (*See id.,* Riddle Decl., Exs. A at ¶ 105, C & E.) The Affirmative Defense "Failure to Exhaust Administrative Remedies" contends Plaintiff "failed to exhaust her administrative remedies and plead said exhaustion, including but not limited to, those required by Labor Code § 2699.3. (*Id.,* Riddle Decl., Exs. A at ¶ 133 & C.) Similarly, Affirmative Defense 46, "Failure to Afford Notice to the LWDA," asserts Plaintiff did not give adequate notice to the California Labor and Workforce Development Agency ("LWDA"), because "she failed to set forth therein sufficient notice of the facts and theories under which she claimed she and other aggrieved employees were injured . . . and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to Labor Code § 2699.3." (*Id.,* Riddle Decl., Exs. A at ¶ 134 & C.) Defendant argues amendment is proper because "[n]one of the factors relied upon by the courts in denying a motion for leave to amend" are present. (*Id.* at 4.) The Court agrees.

First, there is no evidence of undue delay. *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings or required additional discovery). This case is still in its initial pleading stages and Defendant's requested amendments are closely tailored to the claims already at issue.

---

[3] In the Declaration of Patrick D. Riddle in Support of Defendant's Motion to Amend Answer Mr. Riddle states he seeks to add the phrase "180 and," while the First Amended Answer attached thereto as Exhibit A inserts the phrase "180 or." *Compare* Dkt. No. 35 at ECF 8 *with* Dkt. No. 35 at ECF 24. The Court understands Defendant to be requesting leave to add the phrase "180 or," rather than "180 and," because of the context of the sentence in Affirmative Defense 17 and the letters attached as exhibits C & E.

Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because Appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). Defendant provides a reasonable explanation for its desire for leave to amend; namely, that based on Plaintiff's General Order No. 71 disclosures, new evidence came to light that led Defendant to believe that Plaintiff's PAGA claim was barred under Labor Code § 2699.3.

Third, there is no evidence of delay—Defendant reached out to Plaintiff on June 11, 2019, only 6 days after Defendant received Plaintiff's General Order No. 71 disclosures. After attempting over several weeks to reach an agreement with Plaintiff regarding a stipulation to amend, Defendant filed this motion on June 27, 2019. Thus, there was no undue delay. *See Owens*, 244 F.3d at 712–13 (finding no unreasonable delay because appellee moved to amend as soon as it became aware of an applicable defense).

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). While Plaintiff insists that Defendant's requested amendments are futile, the Court cannot say that Defendant's proposed amendments fail as a matter of law. Defendant's proposed amendment to Affirmative Defense 17 goes to the deadline for Plaintiff to file her charge with the EEOC and/or the California Department of Fair Employment and Housing ("DFEH"). Plaintiff asserts that she filed her charge with the EEOC and the DFEH on October 23, 2017, within the 300 days Plaintiff asserts she had time to do so. (Dkt. Nos. 1 at 16 & 35, Riddle Decl., Ex. E.) However, there is disagreement between the parties as to whether the October date is correct, or if Plaintiff actually filed her charge with the EEOC on March 18, 2018. (*See* Dkt. No. 35, Riddle Decl., Ex. C.)

Similarly, Defendant seeks to add Affirmative Defense 45 which alleges that Plaintiff failed to exhaust her PAGA claim under Labor Code § 2699.3 and Affirmative Defense 46 which alleges that Plaintiff failed to provide proper notice of her PAGA claim to the LWDA in accordance with Section 2699.3. (*Id.*, Riddle Decl., Ex. A at ¶ 133, 134.)

Plaintiff insists that these affirmative defenses are meritless and appears to assume that the

5

amendment is aimed at whether Plaintiff tendered the fee with her PAGA notice to the LWDA, but the text of the proposed affirmative defenses does not refer to payment of the fee. Because a plaintiff must allege exhaustion of administrative remedies to bring a PAGA claim, *see Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016), failure to exhaust may be raised as an affirmative defense, *see Brown v. Lowe's Home Centers, LLC*, 2016 WL 7638045, at *6 (C.D. Cal. July 6, 2016) (denying motion to strike affirmative defense alleging failure to comply with FEHA and PAGA exhaustion requirements).

Given the absence of legal authority which clearly forecloses Defendant's amendments, the Court cannot say that amendment is futile as a matter of law. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (noting that courts generally "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Accordingly, given the presumption in favor of amendment, the absence of evidence of bad faith, undue delay, or prejudice to Plaintiff if amendment were allowed given the early stage of proceedings, and because the amendment is not clearly futile, the Court grants Defendant's motion for leave to amend.

## II. Fed. R. Civ. P. 11 Sanctions

Defendant also seeks sanctions under 28 U.S.C. § 1927 for Plaintiff's failure to stipulate to amendment and for failing to timely respond to counsel's meet and confer efforts. Section 1927 states "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under this section requires a finding of "subjective bad faith," where counsel "knowingly or recklessly raise a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). A court "may not sanction mere 'inadvertent' conduct." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (citing example in which "plaintiff's counsel negligently failed to comply with local court

rules that required admission to the district court bar"). "[S]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (internal citations omitted).

Defendant seeks sanctions for "Plaintiff's counsels' actions in not timely responding to communications and ultimately not agreeing to a reasonable request to amend the answer," which multiplied the proceedings in this case. (Dkt. No. 35 at 7.) Plaintiff counters that her actions were neither reckless nor in bad faith, but instead "Plaintiff's counsel extensively and exhaustively explained the flaws in Defendant's counsel's legal theories." (Dkt. No. 40 at 8.)

While Plaintiff is not required to stipulate to amendment of Defendant's answer, her counsel is required to respond to communications from defense counsel, and conduct themselves in a matter consistent with the level of civility and professionalism expected of members of the bar of this court. Notably, this is not the first time the Court has had to remind Plaintiff's counsel of their obligation to communicate in good faith with opposing counsel. Counsel nonetheless waited 27 days before responding to Defendant's emails and notify Defendant that counsel does not accept correspondence electronically. Further, the explanation given for the refusal to respond to counsel's emails—that Federal Rule of Civil Procedure 5 requires such inquiries from opposing counsel to be served—is unreasonable under the plain language of Rule 5. The Court finds that this pattern of unreasonable conduct warrants sanctions. Accordingly, Defendant's motion for sanctions is granted with respect to fees incurred as a result of Plaintiff's counsels' failure to timely respond to Defendant's meet and confer efforts, and in particular, for the time spent drafting emails to Plaintiff's counsel on June 10 and June 11, 2019 (the Court awards a portion of the time sought for both dates deducting the legal research time).

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's motion for leave to amend and GRANTS IN PART Defendant's motion for sanctions. (Dkt. No. 35.) Burton Employment Law shall pay Defendant's reasonable attorney's fees of $350. These sanctions must be paid within 30 days.

7

Defendant shall file its First Amended Answer in 7 days.

This Order disposes of Docket No. 35.

**IT IS SO ORDERED.**

Dated: August 2, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge
